TAM:CAF:al

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE    ) CRIMINAL NO. 4:05-00490
UNITED STATES OF AMERICA
EXTRADITION OF      ) (Judge Jones)
ALEXANDER WINSTON SYLVESTER

**MEMORANDUM OF LAW**

I. Introduction

   Alexander Winston Sylvester has been provisionally arrested at the request of the government of Canada by order of this Court dated April 29, 2005.  Pursuant to the 1971 Extradition Treaty between the United States and Canada, as amended, the Canadian authorities are obliged to present a formal request for Alexander Winston Sylvester surrender, supported by appropriate documentation. See Treaty, art. 10.  Thereafter, per 18 U.S.C. § 3184, this Court must hold a hearing to consider the "evidence of criminality presented" and determine whether Alexander Winston Sylvester should be extradited.

   On December  23, 2005, this Court scheduled an extradition hearing for January 18, 2006.  The following legal standards govern the scope and procedure at an extradition hearing.

1

II.  Purpose of Extradition Hearing

At a hearing pursuant to 18 U.S.C. § 3184, the court must establish that the person arrested is subject to surrender to the foreign country under the terms of the applicable treaty, as well as under the relevant statutes (18 U.S.C. § 3184 <u>et seq.</u>) and case law.

In essence, the court must determine that the following conditions are present: (1) The hearing court has jurisdiction to conduct the extradition hearing and proper jurisdiction over the fugitive; (2) The fugitive is being sought for offenses for which the applicable treaty permits extradition; and (3) There is sufficient evidence to establish that the individual appearing in court is the fugitive sought and committed the offense charged.  <u>See</u> <u>Bingham v. Bradley</u>, 241 U.S. 511, 516-17 (1916); <u>McNamara v. Henkel</u>, 226 U.S. 520, 523 (1913); <u>Ornelas v. Ruiz</u>, 161 U.S. 502, 508, 509 (1896); <u>Zanazanian v. United States</u>, 729 F.2d 624, 625-26 (9th Cir. 1984); <u>Gallina v.  Fraser</u>, 177 F.  Supp.  856, 860 (D.  Conn.), <u>aff'd</u>, 278 F.2d 77 (2d Cir. 1959).

1.  Jurisdiction

A magistrate or judge may certify an extradition only after having received a "complaint made under oath, charging any person found within his jurisdiction" with having committed any of the crimes provided for by the governing treaty in the country requesting extradition.  18 U.S.C.  § 3184.  Assistant U.S. Attorney Christian A. Fisanick, Chief of the Criminal Division, filed a sworn

Complaint in Extradition on April 27, 2005.

In ruling on the request, the court must first determine whether the person named in the complaint is the individual brought before the court.  See Quinn v. Robinson, 783 F.2d 776, 790 (9th Cir. 1986).  All of the evidence submitted by the Government--for example, fingerprints, DNA evidence, photographs, and affidavits-proves that the person named in the Complaint in Extradition, Alexander Winston Sylvester, is the correct individual who has been brought before this Court.

2.  Applicability of the Extradition Treaty

The court must next establish that the offense alleged in the complaint is extraditable by examining the Treaty's Schedule or list of extraditable crimes.  Id. at 782-83.  Moreover, in the case at bar, Article I of the 1988 Protocol of the Treaty requires that the offense for which extradition is sought be criminal under the laws of both the United States and Canada.  This "double criminality" requirement does not require that the Canadian crime be identical to the American offense which would have been charged.  All that is required is that the underlying acts be punishable under both legal systems.  See Collins v. Loisel, 259 U.S. 309, 312 (1922) ("[T]he law does not require that the name by which the crime is described in the two countries shall be the same; nor that the scope of liability be coextensive, or, in other respects, the same in the two

3

countries.  It is enough if the particular act charged is criminal in both jurisdictions"); accord Kelly v. Griffin, 241 U.S. 6, 15 (1916); United States v. Sensi, 979 F.2d 888, 893-94 (D.C. Cir. 1989); Cucuzzella v. Keliikoa, 638 F.2d 105 (9th Cir. 1981); Hu Yau-Leung v. Soscia, 649 F.2d 914, 918 (2d. Cir. (1981) (either a violation of federal or state law suffices); Brauch v. Raiche, 618 F.2d 843, 851 (1st Cir. 1980) (same); United States ex rel. Rauch v. Stockinger, 269 F.2d 681, 686-87 (2d Cir. 1959); Matter of Extradition of Prushinowski, 574 F. Supp. 1439, 1446 (E.D.N.C. 1983); Matter of Sindona, 584 F. Supp. 1437, 1447 (E.D.N.Y. 1984).

When interpreting the treaty, the extradition court must construe its provisions liberally, in a manner favoring extradition.  Factor v. Laubenheimer, 290 U.S. 276, 283, 293-94 (1933); United States v. Wiebe, 733 F.2d 549, 554 (8th Cir. 1984). More specifically, since there is an overriding interest in carrying out the United States's treaty obligation to surrender the fugitive to be tried for his alleged offenses, the treaty "should be construed more liberally than a criminal statute or the technical requirements of criminal procedure." Factor, 290 U.S. at 298; Wiebe, id.; McElvy v. Civitelli, 523 F. Supp. 42, 47-49 (S.D. Fla. 1981).  Accordingly, "[f]orm is not to be insisted upon beyond the requirements of safety and justice." Fernandez v. Phillips, 268 U.S. 311, 312 (1925).  This liberal construction is

4

based in part on the recognition that foreign governments should not be expected to be versed in our criminal laws and procedure. Grin v. Shine, 187 U.S. 181, 184-85 (1902).

The Court should take little moment in finding that Canada has charged Alexander Winston Sylvester with offenses subject to extradition under the Treaty.


3.  Standard of Proof

The extradition hearing is not intended to determine whether the evidence is sufficient to justify conviction, for that determination will be made by the foreign court which ultimately tries the defendant.  Jhirad v. Ferrandina. 536 F.2d 478, 484-85 (2d Cir. 1976).  Rather, the probable cause standard is utilized. Fernandez v.  Phillips, 268 U.S. 311, 312 (1925); Glucksman v. Henkel, 221 U.S. 508, 511 (1910); Marchandi v. United States, 836 F.2d 1223, 1226 (9th Cir. 1988); Sindona v. Grant, 619 F.2d 167, 175 (2d. Cir. 1980); Peroff v. Hylton. 542 F.2d 1247, 1249 (4th Cir. 1976); Merino v. United States Marshal, 326 F.2d 5, 11 (9th Cir.  1963); Jiminez v.  Aristequieta, 311 F.2d 547, 562 (5th Cir. 1962).

In determining whether sufficient factual allegations have been made to justify extradition, the court must engage in a liberal reading of the supporting documents in a manner favoring extradition.  United States v. Manzi, 888 F.2d 204 (1st Cir. 1989);

Brauch, 628 F.2d at 847.

An examination of the Canadian evidence reveals that there is probable cause–indeed, an abundance of evidence–that Alexander Winston Sylvester committed four violent sexual assaults in lower Ontario between 1981 and 1993.  One need only look at the affidavits submitted by Constable Fitzpatrick and Detective Constable John to see the dogged and detailed police work that led to the solution of these heretofore "cold" cases, culminating in the DNA match.  Canada has an interest in prosecuting these cases and seeking justice before the victims become too aged and infirmed, and the United States should acquiesce in its request for extradition and temporary surrender.

III.  Procedural Requirements.

An extradition hearing is not a criminal proceeding.  Neely v. Henkel, 180 U.S. 109, 122 (1901); Sabatier v. Dabrowski. 586 F.2d 866, 869 (lst Cir. 1978); United States ex rel. Oppenheim v. Hecht. 16 F.2d 955 (2d Cir. 1927).  Thus the Federal Rules of Criminal Procedure are not applicable, and there is no provision for discovery.  Messina v. United States, 728 F.2d 77, 80 (2d Cir. 1984); Matter of Singh, 123 F.R.D. 109, 115 (D.N.J. 1987) (court rejects defense motion for discovery; extensive analysis).  But see, Matter of Extradition of Kraiselburd, 786 F.2d 1395, 1399 (9th Cir 1986) (limited discovery permitted in court's discretion);

Jhirad v. Ferrandina. 377 F. Supp. 34, 37 (S.D.N.Y.  1974), aff'd,
536 F.2d 478 (2d Cir. 1976) (same).  Because discovery occasions
unnecessary delays, it is not contemplated by extradition treaties.
See Bingham, 241 U.S. at 517.  Discovery is especially improper
when directed towards legal issues governing the extradition
treaty.  Sabatier v. Dambrowski, 453 F. Supp. 1250 (D.R.I. 1978),
aff'd, 586 F.2d 866 (lst Cir. 1978).

    The Federal Rules of Evidence are also inapplicable.  Fed. R.
Evid. ll0l(d)(3); see also Melia v. United States, 667 F.2d 300,
302 (2d Cir. 1981).

    In addition, the Fourth, Fifth and Sixth Amendments have no
application to extradition hearings; consequently, no indictment is
required, the accused has no right to confront the witnesses
against him, has no right to a speedy trial, and cannot claim a
double jeopardy bar to prosecution.  See generally Neely, 180 U.S.
at  122; see also Jhirad, 536 F.2d at 485 n.9 (speedy trial);
United States ex rel. Bloomfield v. Gengler, 507 F.2d 925, 928-29
(2d Cir. 1974) (double jeopardy); Simmons v. Braun, 627 F.2d 635,
636 (2d Cir. 1980) (confrontation and cross-examination).


IV.  Rules of Evidence
    1.  The Government's Proof
    "Unique rules of wide latitude govern reception of evidence
in Section 3184 hearings." Savne v. Shipley, 418 F.2d 679, 685

7

5th 1970); <u>accord</u> <u>O'Brien v. Rozman</u>, 554 F.2d 780, 783 (6th Cir. 1977).  For example, extradition treaties do not contemplate the introduction of testimony of live witnesses, for to do so "would defeat the whole object of the treaty." <u>Bingham</u>, 241 U.S. at 517. Accordingly, a finding of extraditability may be based entirely on documentary evidence.  <u>See</u> <u>Shapiro v. Ferrandina,</u> 478 F.2d 894, 902-03 (2d Cir. 1973); <u>O'Brien</u>, <u>supra</u>.

This evidence must be properly certified. 18 U.S.C. § 3190; <u>Cucuzzelli v. Keliikoa</u>, 638 F.2d 105 (9th Cir. 1981).  The evidence in this case has been certified by the Canadian Department of Justice as required by Article 10(2) of the Treaty.

Hearsay is permitted.  <u>Collins</u>, <u>supra</u>; <u>O'Brien v. Rozman</u>, <u>supra</u>. Indeed, "a determination of probable cause in an extradition proceeding may rest entirely upon hearsay." <u>In re Ryan</u>, 360 F. Supp. 270, 273 (E.D.N.Y.), <u>aff'd</u>, 478 F.2d 1397 (2d Cir. 1973); <u>see also</u> <u>United States v.  Zananzanian</u>,  729 F.2d 624, 626-27 (9th Cir 1980) (unsworn written statements may properly form the basis for extradition).

The Government intends to present no "live" tesimony at the extradition hearing, instead relying on the documentary evidence, which includes statements, affidavits, an expert fingerprint comparison, photographs, and details of a DNA match of the Canadian suspect to Alexander Winston Sylvester.

8

2.  Defense Evidence.

The fugitive's grounds for opposing an extradition request
are severely limited.  He is not entitled to introduce evidence
that conflicts with the evidence submitted by the requesting state,
establishes an alibi or presents a defense such as insanity.  See
Collins, 259 U.S. at 316 (permitting the introduction of defense
evidence "would be in plain contravention of the intent and meaning
of the extradition treaties"); Hu Yau-Leung, 649 F.2d at 917
(alibi); Shapiro v. Ferrandina, 478 F.2d 894, 901 (2d Cir. 1973);
Eain v. Wilkes, 641 F.2d 504, 511 (7th Cir. 1981) (attempt to
impeach credibility of requesting country's witnesses not
permitted); In re Locatelli,  468 F. Supp. 568 (S.D.N.Y.  1979)
(same).  Moreover, procedural defenses are not permitted.  Bingham,
241 U.S. at 517; Glucksman v. Henkel, 221 U.S. at 513-14 (variance
between charges pending in the foreign country and the complaint
filed in federal court not a valid defense to surrender); In re
Edmondson, 352 F. Supp. 22, 24-26 (D. Minn. 1972) (minor variance
between pleadings and proof no bar to extradition). Instead, a
fugitive's right to controvert the evidence introduced against him
is "limited to testimony which explains rather than contradicts the
demanding country's proof." Collins, 259 U.S. at 315-17; United
States ex rel. Petrushansky v. Marasco, 325 F.2d 562, 567 (2d Cir.
1963); accord Hooker, supra; Matter of Sindona, 450 F. Supp. 672,
685 (S.D.N.Y. 1978), aff'd sub nom Sindonna v. Grant, 619 F.2d 167

9

(2d Cir. 1980).

In a similar manner, the defendant may not challenge the motives of the requesting government for bringing charges against him, nor may he assert that the procedures to be utilized in the requesting state's trial in chief will not comport with due process, nor that he will not receive the protections in the foreign country which he would have in the United States.  Where such issues are raised, the extradition court must reject them, based upon the well settled "rule of non-inquiry."  See Bingham, supra (U.S. courts will presume that the accused will receive a fair trial); Glucksman, 221 U.S. at 512 (same); Jhirad, at 536 F.2d 484-85; Holmes v. Laird. 459 F.2d 1211, 1219 (D.C. Cir. 1972) (claim that foreign justice system did not comport with American due process irrelevant); In re Locatelli, 468 F.  Supp. at 574 (alleged political motives behind extradition request will not be examined by American court); In re Gonzalez, 217 F. Supp. 717, 722 n.15 (S.D.N.Y. 1963) (extradition court has no authority to inquire into matters other than the facial validity of the extradition documents).

Instead,  the resolution of these issues is for the consideration of the Secretary of State, who has the power to refuse to extradite a prisoner, despite the fact that he is properly extraditable under Title 18 of the United States Code. Quinn, 783 F.2d at 789; Sindona, 619 F.2d at 174; In re Lincoln,

228 F. 70, 74 (E.D.N.Y. 1915), aff'd, 241 U.S. 651 (1916) (per curiam).

Additionally, the defendant may not attempt to argue that he did not flee from the justice system of the country now seeking extradition and is thus not a "fugitive"; rather the nature of his departure from that country is immaterial and his mere presence in this country renders him a "fugitive" subject to extradition. Vardy v. United States, 529 F.2d 404, 407 (5th Cir. 1976); In re Chan Kam-Shu, 477 F.2d 333, 338-39 (5th Cir. 1973).

3.  Supplemental Evidence.

Finally, if this Court requires additional evidence in order to arrive at a finding of extraditability, it should permit the filing of supplemental documents by the foreign government.  See, e.g., Greci v. Birknes, 527 F.2d 956, 960-961 (1st Cir. 1976).

V. Conclusion

Extradition hearings are sui generis and do not follow the rules of evidence or procedure applicable to United States domestic criminal offenses.  The principles of liberal construction of treaties and proof, as well as those rules which limit the testimony necessary to support a finding of extraditability and which prohibit defenses from being offered, exist both because the defendant will receive a full trial on the merits in the country to

11

which he is extradited, and because there is an overwhelming governmental interest in fulfilling American treaty obligations to other sovereign states.

Here, the Government has clearly met the modest prerequisites necessary for extradition of Alexander Winston Sylvester to Canada: jurisdiction of this Court, applicability of an appropriate treaty, probable cause, and identity of person sought.  Indeed, were the Court to dismiss this Complaint in Extradition, another complaint could be brought immediately, for res judicata does not apply to extradition proceedings.  Collins, 62 U.S. at 426; Hooker, 573 F.2d at 1360.  Therefore, after hearing, the Court should order the extradition and temporary surrender of Alexander Winston Sylvester and that he be held in the U.S. Marshal's custody until surrendered to Canadian authorities.

Respectfully submitted,

THOMAS A. MARINO
UNITED STATES ATTORNEY

/S/ Christian A. Fisanick
By: _____
CHRISTIAN A. FISANICK
Criminal Chief
Assistant U.S. Attorney
Office of the U.S. Attorney
Room 309, Federal Building
Scranton, Pennsylvania 18501
Phone: (570) 348-2800
FAX:   (570) 348-2816
Email:
chris.fisanick@usdoj.gov