UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN THE MATTER OF THE | : | (Electronically Filed) |
| UNITED STATES OF AMERICA | : | No. 4:05-CR-490 |
| EXTRADITION OF | : | |
| ALEXANDER WINSTON SYLVESTER | : | (Judge Jones) |

### SYLVESTER'S BRIEF OPPOSING EXTRADITION

AND NOW, comes Alexander Sylvester, by and through his attorney, Stephen F. Becker, and avers as follows.

### RELEVANT BACKGROUND

The government is requesting extradition of Mr. Sylvester to Canada for prosecution of various alleged offenses. On January 17, 2006, after a hearing on the matter, the Court ordered briefing on part A) of the issue below.[1]

### ISSUE

WHETHER ARTICLE 10(1) OF THE TREATY PROSCRIBES EXTRADITION OF MR. SYLVESTER FOR TRIAL WHERE THE EVIDENCE OFFERED BY THE GOVERNMENT AT THE EXTRADITION HEARING WOULD NOT BE FOUND SUFFICIENT UNDER PENNSYLVANIA LAW TO JUSTIFY HIS COMMITTAL FOR TRIAL IF THE OFFENSES HAD BEEN COMMITTED THERE BECAUSE
    A) THE STATUTE OF LIMITATIONS IN PENNSYLVANIA HAD ALREADY RUN, AND
    B) ALL THE EVIDENCE OFFERED WAS HEARSAY.

---

[1] Another issue raised at the hearing is discussed briefly under sub-issue B) below.

# ARGUMENT[2]

Article 10(1) of the Treaty provides as follows:

> Extradition shall be granted only if the evidence be found sufficient, according to the laws of the place where the person sought shall be found, either to justify his committal for trial if the offense of which he is accused had been committed in its territory or to prove that he is the identical person convicted by the courts of the requesting state.

Treaty on Extradition, Dec. 3, 1971, U.S.-Can., T.I.A.S. No. 8237 (entered into force Mar. 22, 1976), and the Protocol Amending the Treaty on Extradition, Jan. 11, 1988, U.S.-can., S. Treaty Doc. No. 101-17 (1990) (entered into force on Nov. 26, 1991) [hereinafter Treaty]; *see also Pettit v. Walshe*, 194 U.S. 205 (concluding that a treaty with a similar provision requires that "[t]he evidence of criminality must be such as, according to the laws of the place where the fugitive or person so charged shall be found, would justify his apprehension and commitment for trial if the crime or offense had there been committed")

In the instant case, since Mr. Sylvester was found in Pennsylvania, the government must offer at the extradition hearing sufficient evidence, under Pennsylvania law, to justify his committal for trial in Pennsylvania, assuming the alleged offenses had occurred there.  And under Pennsylvania law, to justify an accused being committed for trial, the Commonwealth, at a preliminary hearing, is

---

[2] As to the specific issues raised at the hearing and in this brief, there do not appear to be any published appellate cases on point in either the Third Circuit or any other circuit.

required to establish a *prima facie* case and to meet that burden as to each element of the crime charged. *Commonwealth v. Buchanan*, 581 A.2d 172, 173-74 (Pa. 1990).

**Sub-issue A:** Under Pennsylvania law,

> the Commonwealth is required to prove as an element of every criminal offense that an applicable statute of limitations [does] not bar prosecution.

*Commonwealth v. Bethlehem*, 570 A.2d 563, 568 (Pa. Super. 1989). Combining this holding with that of *Buchanan* above requires that before an accused may be held for trial in Pennsylvania, the Commonwealth must establish at least a *prima facie* case that any applicable statute of limitations does not bar prosecution.

In the instant case the government failed to offer at the extradition hearing any evidence to meet its burden[3] of establishing that the applicable statute of limitations for each offense at issue does not bar prosecution, and thus under the plain and explicit language of Article 10(1) of the Treaty, Mr. Sylvester's extradition on these offenses is proscribed.

**Sub-issue B:** Under Pennsylvania law, if the only evidence of a defendant's guilt offered at a preliminary hearing is hearsay, that evidence is not sufficient to bind the case over for trial. *Buchanan*, 581 A.2d 172, 173-75.

In the instant case, since the government offered at the extradition hearing

---

[3] And of course the government cannot meet that burden since the applicable statute of limitations in Pennsylvania for each of the offenses at issue has run. Pa.C.S.A. § 5552.

only hearsay,[4] under Pennsylvania law such evidence would not be sufficient to justify Mr. Sylvester's committal for trial on any of the offenses, and thus Article 10(1) of the Treaty explicitly proscribes extradition on these offenses.

WHEREFORE, Mr. Sylvester respectfully requests that the Court deny the government's request for certification of this matter to the Secretary of State.

Respectfully submitted,

Date: 1/27/06

s/Stephen F. Becker
Stephen F. Becker
Attorney I.D. No. 77963
Attorney for Alexander Sylvester

---

[4] Sylvester is not, of course, objecting to the admission of the government's hearsay evidence, which is clearly permitted in the instant case by the same article in the Treaty that dictates the quantum of evidence deemed to be sufficient to establish probable cause. Treaty, Article 10. That is, although all of the documents submitted to the Court by the government are admissible, those documents, under Pennsylvania law, are not sufficient for a finding of a *prima facie* case.

The above conclusion is just an example of the Treaty's requirement that although the Court determines whether the government has met its burden of offering sufficient evidence to commit the accused for trial, it must do so according to the standards of Pennsylvania. As another example of how Pennsylvania's standard might impact a case, consider the situation where the government offers a complete, uncoerced confession of the accused and argues to the Court that such evidence is sufficient to satisfy the terms of the Treaty -- that is, sufficient to commit the accused for trial. Although the Court might, without further restrictions or guidance, consider such evidence sufficient, it should not make that determination without consulting the laws of Pennsylvania. Since Pennsylvania still adheres to the *corpus delicti* rule that requires at least some independent evidence that a crime has been committed before an accused can be held for trial, this Court too must require at least that quantum of evidence.

>                Shapiro & Becker
>                114 Market Street
>                Lewisburg, PA  17837
>                Phone:  (570) 523-0777
>                Fax:     (570) 523-9798
>                Email: sbecker@shapiro-becker.com

## **CERTIFICATE OF SERVICE**

I, Stephen F. Becker, certify that on the date below I caused a true and correct copy of the foregoing **SYLVESTER'S BRIEF OPPOSING EXTRADITION** to be filed electronically thus serving

>                AUSA Christian A. Fisanick

Date: 1/27/06                                              s/Stephen F. Becker
                                                           Stephen F. Becker