UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE UNITED        :   No. 4:05-CR-00490
STATES OF AMERICA--EXTRADITION     :   (Judge Jones)
OF ALEXANDER WINSTON SYLVESTER     :   (ELECTRONICALLY FILED)

**UNITED STATES' MEMORANDUM SUPPORTING EXTRADITION**

**1. Introduction**

Alexander Winston Sylvester is wanted by the sovereign nation of Canada for a variety of serious offenses, including rape, kidnaping, and robbery.  That nation has sought the assistance of the United States under the 1971 Extradition Treaty between the two countries for extradition and temporary surrender of Sylvester to Canada.  *Treaty on Extradition between Canada and United States* (Dec. 3, 1971), T.I.A.S. No. 8237 ("Treaty").  To that end, Canada has gone through the appropriate diplomatic channels under the Treaty and obtained the necessary documentation for extradition.  The United States, through the undersigned Assistant U.S. Attorney, filed a complaint in extradition on April 27, 2005.  This Court ordered a provisional arrest of Sylvester on April 29, 2005, and appointed counsel to represent him.  An extradition hearing was scheduled for January 18, 2006.  Before the hearing, the United States filed the appropriate paperwork under the Treaty with this Court.

At the extradition hearing, Sylvester did not contest any of the elements necessary to effectuate his extradition and temporary surrender to Canada, save one: whether sufficient evidence--that is, probable cause--existed under Pennsylvania law that Sylvester committed the offenses charged in Canada.  The Court ordered briefing on this issue.  Sylvester has filed a Brief Opposing Extradition, further refining the issue into two sub-parts: (1) Whether extradition is barred because the statute of limitations for these offenses had run under Pennsylvania law; and

(2) Whether hearsay evidence alone presented by the Government at the extradition hearing was sufficient under the Treaty to order extradition.

While Sylvester's arguments are novel and have superficial appeal, they are doomed to failure, and this Court should reject them with little moment and order Sylvester's extradition and temporary surrender to Canada pursuant to the Treaty.

**2. Discussion**

**A. Extradition of Sylvester is governed by the Canadian, not Pennsylvanian, statute of limitations for the offenses charged. Since Crown Counsel has certified in an affidavit that there is no statute of limitations for the serious felonies that Sylvester faces in Canada, statute of limitations is not a defense to extradition under a specific provision of the Treaty.**

The Treaty between Canada and the United States allows the statute of limitations as a defense to extradition:

> (1) Extradition shall not be granted in any of the following circumstances:
>
> ... .
> (ii) When the prosecution for the offense has become barred by lapse of time according to the laws of the requesting State.

(Treaty, art. 4.)

Crown Counsel Hugh Ashford has certified that there is no prevailing Canadian statute of limitations for the offenses charged against Sylvester. (Ashford Aff. ¶ 42.) Thus, statute of limitations is not a bar to extradition based upon a plain reading of the Treaty.

Sylvester, however, seeks to have the *Pennsylvania* statute of limitations applied to

thwart extradition.[1]  (Sylvester's Brief at 3.)  He presents the following syllogism:

**Major premise:**  The Government must present sufficient evidence to prove all elements of an offense for extradition.

**Minor premise:**  The Pennsylvania statute of limitations, or more precisely stated, "the Pennsylvania statute of limitations is not a bar" is an element of every Pennsylvania offense.

**Conclusion:**  Therefore, the Government must present sufficient evidence that the Pennsylvania statute of limitations for an offense is not a bar to extradition.  (*Id.*)

To support his major premise, Sylvester correctly cites Article 10(1) of the Treaty: "[E]vidence [must be] found sufficient, according to the laws of the place where the person sought shall be found . . . to justify his committal for trial if the offense of which he is accused had been in its territory[.]"  To support his minor premise, he cites *Commonwealth v. Bethlehem*, 570 A.2d 563, 568 (Pa. Super. 1989), *overruled on other grounds by Commonwealth v. Gerstner*, 656 A.2d 108 (Pa. 1995), for the holding that the statute of limitations is an element of every criminal offense in Pennsylvania.  With this citation, the Government has no quibble.

The difficulty with Sylvester's deductive argument is that the minor premise, while literally correct, is faulty and an example of *dicto simpliciter* or the informal fallacy of accident. *See Ruggero J. Aldisert, Logic for Lawyers: A Guide to Clear Legal Thinking* 193-94 (3d ed. 1997).  As Judge Aldisert cogently put it, "[The argument] may set forth a general rule, but omit the conditional clause: 'Except for circumstances A, B, and C, the general rule is . . . .'" *Id.* at 194.

---

[1] The statute of limitations for serious Pennsylvania felonies, except murder and sexual offenses, is generally five years.  42 Pa. C.S. § 5552(b).

Here, the correct minor premise is "Except where a Treaty says otherwise, the general rule is that the Government must present sufficient evidence that the Pennsylvania statute of limitations for an offense is not a bar to prosecution." The Treaty does say otherwise. It says that only the requesting State's statute of limitations counts.

Moving this from the realm of esoteric academic discussion to the real world, the Second Circuit Court of Appeals has rejected an argument identical to Sylvester's relative to this Treaty. The petitioner in that case, in a futile attempt to avoid extradition to Canada, sought to have either the New York or federal five-year statute of limitations applied. The court rejected his argument:

> '[A]bsent a specific treaty provision, the statute of limitation may be raised as a defense to criminal proceedings *only after return to the requesting state*.'
>
> In the present case, the Treaty does contain a specific provision concerning statutes of limitation. . . .  Article 4(1)(ii) of the Treaty provides that '[e]xtradition shall not be granted . . . [w]hen the prosecution for the offense has become barred by lapse of time according to the laws of the *requesting State*.'   Thus, under the Treaty, a fugitive may raise a statute of limitation defense to avoid extradition, but only one based on the statute of the *requesting state*.  Because there is no statute of limitation barring petitioner's prosecution in Canada, Petitioner is therefore extraditable under the terms of the Treaty.

*Murphy v. United States*, 199 F.3d 599, 602-03 (2d Cir. 1999) (citations omitted; emphasis in original).[2]

A district court reached the same result and went even farther, rejecting state law cases that the state statute of limitations was an element of state offense--and a thus necessary element of proof for extradition. *See Freedman v. United States,* 437 F. Supp. 1252, 1264 (N.D. Ga.

---

[2] Note that, exactly as the Government has detailed the logic of Judge Aldisert, the court cast the holding as a general rule with an exception: "Absent a specific treaty provision . . . ." *Id.* at 602.

1977) ("[W]e are not inclined to apply decisions cited by the petitioner for the proposition that the statute of limitations is an element of the crime under Georgia law.").

To summarize, whether the statute of limitations is an element of a criminal offense in Pennsylvania is irrelevant since the Treaty provides that the only statute of limitations applicable is that of the requesting State. The requesting State of Canada has certified that there is no Canadian statute of limitations for the offenses against Sylvester. Therefore, he has no statute of limitations defense to extradition.[3]

**B. Extradition is not barred simply because the Government presented only hearsay evidence at the extradition hearing. Sylvester's contention otherwise fails for a variety of reasons, not the least of which is that it is well-settled law that the Government is permitted to rely solely on documentary hearsay evidence and present no witnesses at an extradition hearing.**

Although the Government presented at the extradition hearing enormously compelling evidence in the form of statements, affidavits, and DNA evidence that Sylvester committed these offenses, he makes an additional cursory argument that Pennsylvania law requires more than hearsay evidence to hold a defendant for trial, and since the Government relied on only documentary hearsay at the extradition hearing, he may not be extradited. This argument is also meritless for any number of reasons:

1. Settled law from the United States Supreme Court holds that extradition treaties do not contemplate the introduction of the testimony from live witnesses at extradition hearings, for to do so "would defeat the whole object of the treaty." *Bingham v. Bradley*, 241 U.S. 511, 517

---

[3] Treaties should be liberally interpreted, in a manner favoring extradition, in order to carry out the United States' treaty obligations. *Factor v. Laubenheimer*, 290 U.S. 276, 283, 293-98 (1933). Imagine the astonishment of the Canadian authorities if this Court were to rule that Sylvester could not be tried for Canadian crimes based upon a Pennsylvania statute of limitations that fortuitously applied simply because Sylvester is housed at Allenwood.

(1916). Additionally, a "determination of probable cause in an extradition proceeding may rest entirely upon hearsay." *In re Ryan*, 360 F. Supp. 270, 273 (E.D.N.Y.), *aff'd*, 478 F.2d 1397 (2d Cir. 1973); *see also Zananzanian v. United States*, 729 F.2d 624, 626-27 (9th Cir. 1980) (unsworn written statements may properly form the basis for extradition).

    2. Pennsylvania procedural law governing preliminary hearings does not apply; therefore, Sylvester's citation to *Commonwealth ex rel. Buchanan v. Verbonitz*, 581 A.2d 172, 173-74 (Pa. 1990), that a Pennsylvania criminal case may not be bound over solely on hearsay, is unavailing. Federal, not Pennsylvania, procedural law applies. *Cf. Feedman*, 437 F. Supp. at 1264 (applying Fed. R. Crim. P. 5.1 regarding conduct of preliminary examinations to treaty probable cause determination); Fed. R. Evid. 1101(d)(3) (Federal Rules of Evidence inapplicable to extradition proceedings). It is clear that a federal magistrate judge may rely solely on hearsay in making a probable cause determination. This principle was formerly codified in Fed. R. Crim. P. 5.1(a): "The finding of probable cause may be based upon hearsay evidence in whole or part." Fed. R. Crim. P. 5.1 (amended 2002). It was so well established that in 2002, the Advisory Committee noted that the language was ultimately deleted in the wholesale revision of Rule 5.1: "Federal law is now clear on that proposition. Thus, the Committee believed that the reference to hearsay was no longer necessary. . . . . The Committee did not intend to make any substantive changes in practice by deleting the reference to hearsay." Fed. R. Crim. P. 5.1 advisory committee's note.

    *3.* Lastly, even if the Pennsylvania case of *Buchanan* somehow applies and compels something more than hearsay in an extradition proceeding, the Government would submit that some of the evidence presented at the extradition hearing is not technically "hearsay" in the sense that the term was used in *Buchanan* to connote inadmissible, uncross-examined evidence. *Id.* at

417-18 ("rank hearsay"; "inadmissible hearsay").  Records provided and certified by the Canadian government are admissible under the public reports and records exception of Fed. R. Evid. 803(8) and are thus not rank or inadmissible hearsay.  *Cf. United States v. Rojas*, 53 F.3d 1212, 1216 (11th Cir. 1995) (records certified by Panamanian government allowing U.S. authorities to search vessel admissible under public records hearsay exception).

For any of these reasons, Sylvester's objection to the Government's use of hearsay evidence at the extradition hearing must be overruled and extradition ordered.

**3. Conclusion**

The Government has presented this Court with sufficient evidence of all the requirements necessary for Alexander Winston Sylvester's extradition to Canada.  Indeed, Sylvester has not contested this Court's jurisdiction, the extradictability of the offenses, the Treaty documentary evidence, or identity.  On the issue of probable cause, there is sufficient, essentially overwhelming, evidence that Sylvester committed the offenses he faces in Canada.   For these reasons, the Court should reject Sylvester's objections to extradition and order his extradition and temporary surrender to Canada in accordance with the United States' proposed order.

        Respectfully submitted,

        THOMAS A. MARINO
        UNITED STATES ATTORNEY

By:    /s/ Christian A. Fisanick
        CHRISTIAN A. FISANICK
        Assistant U.S. Attorney
        Chief of the Criminal Division
        Office of the U.S. Attorney
        235 N. Washington Ave.
        Suite 311, Federal Building

                                        Scranton, PA 18503
                                        Phone: (570) 348-2800
                                        FAX: (570 348-1908
                                        Email: chris.fisanick@usdoj.gov

Date: February 2, 2006

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN THE MATTER OF THE UNITED | : | No. 4:05-CR-00490 |
| STATES OF AMERICA--EXTRADITION | : | (Judge Jones) |
| OF ALEXANDER WINSTON SYLVESTER | : | (ELECTRONICALLY FILED) |

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 2nd day of February, 2006, I caused the United States' Memorandum Supporting Extradition be filed via ECF and that Stephen F. Becker, Esquire, attorney for Defendant, is a Filing User under the ECF system.  Upon the electronic filing of a pleading or other document, the ECF system will automatically generate and send a Notice of Electronic Filing to all Filing Users associated with this case.  Electronic Service by the Court of the Notice of Electronic Filing constitutes service of the filed document and no additional service upon the Filing User is required.

/s/ Teresa Finegan
Teresa Finegan
Legal Assistant

9