IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In the Matter of the United States of America Extradition of ALEXANDER WINSTON SYLVESTER, | : : : : : | No. 4:CR 05-0490 <br><br> Judge Jones |
| Defendant | : | |

## MEMORANDUM AND ORDER

### February 14, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before this Court is the United States of America's Request for Extradition and Temporary Surrender of Alexander Winston Sylvester. (Rec. Doc. 4). The Government has also filed formal papers supporting the request, as required by the 1971 Treaty Between the United States of America and the Government of Canada Concerning Extradition ("the Treaty"). The request is made pursuant to Title 18 U.S.C. § 3184.

On January 18, 2006, a hearing was held on this matter. The parties were directed to submit post-hearing briefs, and to date both the Government and counsel for Mr. Sylvester have submitted memoranda to this Court. (Rec. Docs. 7, 8 and 9). The matter is therefore ripe for our disposition, and for the following reasons, we will deny the Government's request to extradite Mr. Sylvester to

Canada.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**:

Alexander Winston Sylvester ("Sylvester") is wanted for a variety of crimes in Canada, including rape, kidnaping and robbery. Canada has sought the assistance of the United States Government under the Treaty that exists between these sovereign nations for extradition and temporary surrender of Sylvester to Canada. Presently, Sylvester is incarcerated and at the Federal Correctional Institution - Allenwood, in White Deer, Pennsylvania.

After Canada obtained the necessary documentation for extradition, the United States filed a complaint in extradition (doc. 1) on April 29, 2005. A hearing, required pursuant to 18 U.S.C. § 3184, was held on January 18, 2005, and the parties subsequently filed post-hearing submissions.

**STANDARD OF REVIEW**:

In ruling on an extradition request, courts must undertake a multi-step analysis. First, the court must determine whether the person named in the complaint is the individual brought before the court. See Quinn v. Robinson, 783 F. 2d 776, 790 (9th Cir. 1986). In the second step, the court must establish that the offenses alleged in the complaint are indeed extraditable pursuant to the applicable treaty. See id. At 782-783. In this case, the Treaty requires "dual criminality:" the

offense for which extradition is sought must be a criminal offense under American penal law.[1]  Finally, the court must determine if there is probable cause to believe that the individual committed the extraditable crimes.  Pursuant to the Treaty, the evidence against the subject individual must be sufficient to bind him over for trial, according to the laws of the place where the individual is found.

**DISCUSSION**:

At the hearing, Sylvester did not dispute that he is the individual sought by Canada, nor did he dispute that at least some of the crimes for which he is charged in Canada are extraditable offenses under the Treaty.[2]  Therefore, the only issue that remains before this Court is whether the Government has met its burden by establishing that there is probable cause that Sylvester committed the extraditable crimes.  Sylvester argues that the Government has not met its burden on two levels: first, that the Government cannot establish a prima facie case against him for the extraditable crimes because the statute of limitations of the subject crimes has run and second, that the evidence introduced by the Government at the hearing was

---

[1] The "dual criminality" requirement does not require that the Canadian crime be identical to the American offense that would have been charged, but rather that the underlying conduct is punishable under both criminal systems.  See Collins v. Loisel, 259 U.S. 309, 312 (1922).

[2] The parties agreed at the hearing that the charged offense of "disguised with intent" is not a criminal offense under American law and Sylvester is therefore not extraditable on that particular charged offense.

insufficient to bind the case over for trial under Pennsylvania law.

Article 10(1) of the Treaty states:

> Extradition shall be granted only if the evidence be found sufficient, according to the laws of the place where the person sought shall be found . . . to justify his committal for trial if the offense of which he is accused had been committed in its territory . . .

Under Pennsylvania law, to bind an accused over for trial, at a preliminary hearing the Commonwealth must establish a *prima facie* case as to each element of the crime, including the element that the statute of limitations is not a bar to prosecution for the offense.  See Commonwealth v. Bethlehem, 391 Pa. Super 162, 172 (1989).  Under Pennsylvania law, it is not disputed that the statute of limitations has run for each of the offenses at issue.  See Pa. Const. Stat. §5552.  As a result, Sylvester argues, it is impossible for the Government to meet its burden on the statute of limitations element of the prima facie case, and therefore he is not extraditable because the Government has not met its probable cause burden.

The Government counters that the Canadian, not Pennsylvanian, statute of limitations applies to the offenses charged.  The Government relies on Article 4 of the Treaty which prohibits extradition "when the prosecution for the offense has become barred by lapse of time according to the laws of

the requesting state."  The Government argues that since there is no statue of limitations for the charged offenses in Canada, then the Pennsylvania statute of limitations for the charged crimes cannot be a defense to extradition.

We find the Government's argument to be flawed.  The Government appears to disregard the portion of Article 10(1) of the Treaty that requires the evidence be sufficient to bind the accused over for trial "according to the laws of the place where the person sought shall be found."  Although the Government concedes that the statue of limitations is an element of every criminal offense in Pennsylvania, in essence it argues that Article 4 of the Treaty trumps any other applicability of statute of limitations to the extradition proceeding.  However, we find that the Pennsylvania statute of limitations is a necessary element of the prima facie cases for the extraditable crimes, and it is clear that the running of the Pennsylvania statute of limitations operates as a bar to a showing of probable cause on the instant offenses.  To find otherwise renders the Treaty language entirely meaningless.

In the alternative, Sylvester argues that the Government has not established that there is probable cause that he committed the extraditable crimes because the

evidence offered by the Government at the extradition hearing would be insufficient under Pennsylvania law to justify his committal for trial if the offenses had been committed in the Commonwealth.[3]  At the hearing, the Government presented documentary hearsay evidence and did not present any live testimony.

In Commonwealth v. Buchanan, 525 Pa. 413 (1990), the Supreme Court of Pennsylvania held that an accused cannot be bound over for trial if hearsay evidence is the only type of evidence presented against him at the preliminary hearing.  Sylvester argues that a fair reading of Buchanan in conjunction with Article 10(1) of the Treaty reveals that the evidence presented by the Government is legally insufficient according to the laws of Pennsylvania to bind him over for trial, and therefore he cannot be extradited.

The Government states that Pennsylvania law governing preliminary hearings does not apply to the Treaty, but rather the Federal Rules of Evidence are applicable.  We find the Government's assertion unavailing because it once again attempts to render meaningless clear language within the Treaty.  Article 10(1) of the Treaty specifically states that the evidence must be "sufficient" to bind the accused over for trial "according to the laws of the place where the person sought

---

[3] We will note that because we have found that the Government's extradition request must be denied based on the statute of limitations bar, this analysis is performed for the sake of completeness only.

shall be found." It is evident to this Court that a plain reading of the Treaty indicates that the sufficiency of the evidence is to be adjudged under Pennsylvania law, which is the place where Sylvester has been found. The law of the Commonwealth is precise on this point: At a preliminary hearing, the government bears the burden of establishing a prima facie case by legally competent evidence.

In Buchanan, the Pennsylvania Supreme Court held that the Pennsylvania Constitution's guarantee to an accused of the right to meet witnesses against him "in all criminal prosecutions" clearly extended to an adversarial preliminary hearing. Therefore, the Court reasoned that the Commonwealth's presentation at a preliminary hearing solely of "rank" hearsay was violative of an accused's rights to "confront witnesses and explore fully their testimony through cross-examination." 525 Pa. at 419.

In the alternative, the Government argues that even if Pennsylvania law governs and evidence other than hearsay evidence is required at an extradition proceeding, then certain evidence presented at the hearing that would have been admissible under the public reports and records exception to the hearsay rule was sufficient to satisfy the Government's probable cause burden. The flaw in this argument is that it conflates evidence that is merely admissible with that which is sufficient to establish probable cause. Although a portion of the evidence

presented at the hearing is considered admissible hearsay under the public reports and records exception, it cannot be considered legally competent evidence in light of the rationale of <u>Buchanan</u> because the declarant was never subject to cross-examination by the accused, in violation of Sylvester's rights under the Pennsylvania Constitution.  Therefore, the Government's presentation at the hearing did not provide the Court with sufficient, legally competent evidence under Pennsylvania law to establish probable cause that Sylvester committed the accused offenses.

**CONCLUSION**:

We will note that the decision we announce today was reached after considerable deliberation as well as a searching analysis of the applicable law and the language of the Treaty.  The Court is exceedingly aware of the heinous crimes with which Sylvester has been charged and for which Canada seeks his extradition.  However, our judicial duty is to interpret the Treaty within the bounds of the law, and as a result the nature of the unsettling allegations that form the basis of the crimes charged can be of no moment to us.  Simply put, the Government seeks to have us read out of the Treaty language which we believe is mandatory, precise, and applicable to these circumstances.  Accordingly, we  must deny the requested relief.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Request for Extradition and Temporary Surrender of Alexander Winston Sylvester (Doc. 4) is DENIED.

        s/ John E. Jones III
        John E. Jones III
        United States District Judge