# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN THE MATTER OF THE UNITED STATES | : | No. 4:05-CR-00490 |
| | : | |
| OF AMERICA--EXTRADITION OF | : | (JONES, J.) |
| | : | |
| ALEXANDER WINSTON SYLVESTER | : | **[FILED VIA ECF]** |

## UNITED STATES' MOTION REQUESTING RECONSIDERATION OF THE COURT'S ORDER DENYING EXTRADITION AND TEMPORARY SURRENDER

The United States files this motion respectfully requesting reconsideration of this Court's Order of February 14, 2006, denying extradition and temporary surrender of Alexander Winston Sylvester to Canada.   In support of this request for reconsideration, the Government avers the following:

1. By Order of February 14, 2006, this Court denied the Government's request for extradition and temporary surrender of Alexander Winston Sylvester to Canada, finding *inter alia*, that under the 1971 Extradition Treaty between the United States and Canada, the applicable Pennsylvanian statute of limitations had run on the extraditable offenses and that the Government had not presented sufficient evidence apart from hearsay to support a finding of probable cause.

2. The denial of a request for extradition is not an appealable order.  Absent the granting of this request for reconsideration, the Government's only recourse is to bring a second request for extradition before a different jurist of this Court.  For the

parties, the only appealable order to the Third Circuit Court of Appeals lies from the grant or denial of a writ of habeas corpus under 28 U.S.C. § 2241 *after the request for extradition has been granted*.  *See, e.g.*,  *United States v. Doherty*, 786 F.2d 491, 501 (2d Cir. 1986); *Hooker v. Klein*, 573 F.2d 1360, 1366 (9th Cir. 1978).

3. Such a second request for extradition, including the ultimate finding of extraditability, does not offend the Constitution or the principles of res judicata and collateral estoppel.  *See, e.g., Klein*, *supra*.

4. The Government has uncovered no Third Circuit cases directly addressing either of Sylvester's issues: application of the Pennsylvanian statute of limitations or the incorporation of Pennsylvania law concerning the use of hearsay at an extradition hearing.

5. The Government, however, has previously supplied the Court with persuasive precedent from the Second Circuit supporting the Government's position on the statute of limitations issue.  *Murphy v. United States*, 199 F.3d 599 (2d Cir. 1999).  While Murphy dealt with Article 4 of this Treaty, the holding is equally applicable to Article 10.   *Id.* at 602-03.  The "duality principle" and the issue of statue of limitations are so closely intertwined, going to the elements of the extraditable offenses and probable cause, that the reasoning of Murphy is compelling.

6. Further, the Government provided additional persuasive authority that, for

2

purposes of this treaty, a state's jurisprudence holding that the local statute of limitations is an element of a criminal offense should *not* be incorporated into the elements necessary for extradition. *Freedman v. United States*, 437 F. Supp. 1252, 1264 (N.D. Ga. 1977).

7. If the countries of the United States and Canada had intended that the statute of limitations of the asylum state could be raised as a defense to extradition, the Treaty would have an explicit provision stating so. In addition, if Sylvester were fortuitously incarcerated in New York, for example, clearly established precedent in the Second Circuit would mandate his extradition. *See Murphy, supra*. The Treaty does not contemplate 50 different applications of the statute of limitations. It contemplates just one, that of the requesting, not asylum, state.

8. The Court held that the statute of limitations has run for the extraditable offenses in this case. (Op. 2/14/06 at 4.) The Government, however, has never conceded that the Pennsylvanian statute of limitations has run and merely footnoted, for completeness purposes only, a citation to the cognate Pennsylvania statute. (Govt.'s Brief in Support of Extradition at 3 n.1.) If, indeed, the Pennsylvanian statute of limitations applies here, this Court has never had the opportunity to rule on any tolling of the statute. *See* 42 Pa. C.S.§ 5554.

9. In addition, it is well-settled law that the Government is not required to

3

present live witness testimony at an extradition hearing and may proceed solely on the basis of documentary hearsay evidence. *See, e.g., In re Ryan*, 360 F. Supp. 270, 273 (E.D.N.Y.), *aff'd*, 478 F.2d 1397 (2d Cir. 1973); *United States v. Zananzanian*, 729 F.2d 624, 626-27 (9th Cir. 1980). Pennsylvania law governing preliminary hearings should not be read into the Treaty to defeat the overriding principle of international comity that the extradition process does not contemplate the presentation of testimony from live witnesses.

10. Not only is there probable cause to believe that Sylvester committed these Canadian crimes, the Government believes that there is proof beyond a reasonable doubt. The DNA match makes the odds against his commission of all these offenses astronomical.

11. The Government and the Canadian authorities desire guidance regarding whether a second request for extradition is warranted.

12. Treaties are to be liberally construed in a manner favoring extradition. *Factor v. Laubenheimer*, 290 U.S. 276, 283, 293-98 (1933); *Fernandez v. Phillips*, 268 U.S. 311, 312 (1925). Further, the Government is entitled to present supplemental evidence from the foreign government to support a request for extradition. *See, e.g., Greci v. Birknes*, 527 F.2d 956, 960-61 (1st Cir. 1976). Canada has a sovereign interest in trying Sylvester on these heinous crimes; the United States

4

has a sovereign interest in assisting Canada in that regard.  The Court's order, regrettably, allows for no appellate review of these sovereign interests and compels the Government to begin anew.

13. The Middle District of Pennsylvania houses the largest federal prisoner population in the United States.  There is little authority in the Third Circuit dealing with extradition. Since these issues are likely to recur, the Government desires appellate review to clarify the law in this area.

14. The Government recognizes the serious concerns the Court has regarding this case. If the Court is not inclined to grant extradition outright as outlined in the order previously filed by the Government, in an effort to allow the parties to have an appealable order to argue their respective positions, the Government proposes the following:

A. The Government's request for extradition and temporary surrender be provisionally granted;

B. Sylvester's objections to extradition be treated as a request for 18 U.S.C.§ 2241 habeas corpus relief without the need for Sylvester to file a formal request for habeas corpus;

C. Sylvester's request for relief from extradition under section 2241 be granted. This order would maintain the Court's previous ruling, while allowing for the Third

Circuit to pass on these issues.

15. If this Court should deny this request for reconsideration, the Government will, in good faith, affirmatively make a request of the Canadian authorities to determine whether they would desire the filing of a second request for extradition before a different jurist of this Court.

WHEREFORE, the Government respectfully requests reconsideration of the Court's February 14, 2006 Order and requests an order granting extradition and temporary surrender of Sylvester to Canada. In the alternative, the Government requests reconsideration of the Court's February 14, 2006 Order and the granting of the relief proposed in the attached Order: (1) the Government's request for extradition is provisionally granted; (2) Sylvester's objections to extradition shall be treated as a request for 18 U.S.C. § 2241 habeas corpus relief; and (3) Sylvester's request for

relief from extradition under section 2241 is granted for the grounds stated in the

Court's February 14, 2006 Order.

<div style="margin-left: 40%">

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

/s/Christian A. Fisanick
CHRISTIAN A. FISANICK
Criminal Chief
Assistant U.S. Attorney
PA ID 40360
Office of the U.S. Attorney
235 N. Washington Ave.
Suite 311 Federal Building
Scranton, Pennsylvania 18501
Phone: (570) 348-2800
FAX:   (570) 348-1908
chris.fisanick@usdoj.gov

</div>

Date: February 22, 2006

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE UNITED STATES    :    No. 4:05-CR-00490
                                      :
OF AMERICA--EXTRADITION OF            :    (JONES, J.)
                                      :
ALEXANDER WINSTON SYLVESTER           :    **[FILED VIA ECF]**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 22nd day of February 2006, I caused the foregoing Motion to be filed via ECF and that Stephen F. Becker, Esquire is a filing user under the ECF system.  Upon the electronic filing of a pleading or other document, the ECF system will automatically generate and send a Notice of Electronic Filing to all filing users associated with this case. Electronic service by the Court of the Notice of Electronic Filing constitutes service of the filed document and no additional service upon the filing user is required.

/s/ Gwyneth P. Williams
Gwyneth P. Williams
Legal Assistant