UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE                      :           (Electronically Filed)
UNITED STATES OF AMERICA          :           No. 4:05-CR-490
EXTRADITION OF                                 :
ALEXANDER WINSTON SYLVESTER   :           (Judge Jones)

## SYLVESTER'S RESPONSE TO GOVERNMENT'S MOTION FOR RECONSIDERATION

AND NOW, comes Alexander Sylvester, by and through his attorney,

Stephen F. Becker, and files this response to the government's motion for

reconsideration.[1]

**A.** The government's motion for reconsideration has not met the stringent

test established by the Third Circuit for such a motion.  That test has been spelled

out previously by this Court.

> "The purpose of a motion for reconsideration . . . is to correct manifest errors
> of law or fact or to present newly discovered evidence." Max's Seafood
> Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (*quoting* Harsco Corp.
> v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). "Accordingly, a judgment
> may be altered or amended if the party seeking reconsideration shows at
> least one of the following grounds: (1) an intervening change in the
> controlling law; (2) the availability of new evidence that was not available
> when the court granted the motion for summary judgment; or (3) the need to
> correct a clear error of law or fact or to prevent manifest injustice." Id.
> (*citing* North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218
> (3d Cir. 1995)).  "A motion for reconsideration is not to be used as a means
> to reargue matters already argued and disposed of or as an attempt to

---

[1] Sylvester is filing this response now since the government's counsel
informed Sylvester's counsel that the government does not plan to file a brief in
support of its motion for reconsideration because the government would have
nothing new to add in such a brief.

relitigate a point of disagreement between the Court and the litigant." Abu-Jamal v. Horn, 2001 WL 1609761, at \*9 (E.D. Pa. December 18, 2001)(citations and internal quotation marks omitted).

 (*Commonwealth v. Jones*, No. 03-CR- 121(2), Order dated February 23, 2004, Jones, J.).  Moreover, a party seeking to establish that the Court has made such a clear error is required "to persuade [the Court] not only that [its] prior decision was wrong, but that it was clearly wrong and that adherence to that decision would create manifest injustice. *In re City of Philadelphia Litigation*, 158 F.3d 711, 720-21 (3d Cir. 1998); *see also United States v. O'Driscoll*, No. 01-277, 2002 U.S. Dist. LEXIS 25845, at \* 5 (M.D. Pa. Sept. 16, 2002) (*citing In re City of Philadelphia Litigation*).

In the instant case, the government has not argued either an intervening change in the controlling law or the availability of new evidence not available previously.  Nor has the government shown in its motion that the Court made a clear error of law that resulted in manifest injustice.  Rather, the government's motion for reconsideration offers the same arguments it initially made.  That is, the government's motion is just an attempt to relitigate the issues already decided, and as discussed above, that is just the purpose for which a reconsideration motion is not to be used.

**B.** Alternatively, the government requests that the Court grant its extradition request temporarily and then turn around and grant Sylvester habeas relief from

that same order.  But the government has offered absolutely no authority for the

Court granting the government's request for such extraordinary and contradictory

maneuvers.  Moreover, it seems manifestly inappropriate to grant the government's

request based solely on its dissatisfaction with the procedural posture of the case.


        WHEREFORE, Mr. Sylvester respectfully requests that the Court deny the

government's motion for reconsideration.


                                                Respectfully submitted,

Date: 2/23/06                                   s/Stephen F. Becker
                                                Stephen F. Becker
                                                Attorney I.D. No. 77963
                                                Attorney for Alexander Sylvester
                                                Shapiro & Becker
                                                114 Market Street
                                                Lewisburg, PA  17837
                                                Phone:  (570) 523-0777
                                                Fax:     (570) 523-9798
                                                Email: sbecker@shapiro-becker.com

## **CERTIFICATE OF SERVICE**

I, Stephen F. Becker, certify that on the date below I caused a true and correct copy of the foregoing **SYLVESTER'S RESPONSE TO GOVERNMENT'S MOTION FOR RECONSIDERATION** to be filed electronically thus serving

AUSA Christian A. Fisanick

Date: 2/23/06                                                   s/Stephen F. Becker
                                                                      Stephen F. Becker