IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In the Matter of the United States of America Extradition of ALEXANDER WINSTON SYLVESTER, | : : : : | No. 4:CR 05-0490 Judge Jones |
| Defendant | : | |

## MEMORANDUM AND ORDER

### March 29, 2006

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Pending before this Court is the United States' Motion for Reconsideration of the Court's Order Denying Extradition and Temporary Surrender ("the Motion") filed on February 22, 2006.  (Rec. Doc. 12).

For the following reasons, the Motion (doc. 12) will be denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**:

Alexander Winston Sylvester ("Sylvester") is wanted for a variety of crimes in Canada, including rape, kidnaping and robbery.  Canada has sought the assistance of the United States Government under the Treaty that exists between these sovereign nations for extradition and temporary surrender of Sylvester to Canada.  Presently, Sylvester is incarcerated and at the Federal Correctional Institution - Allenwood, in White Deer, Pennsylvania.

1

After Canada obtained the necessary documentation for extradition, the United States filed a complaint in extradition (doc. 1) on April 29, 2005. A hearing, required pursuant to 18 U.S.C. § 3184, was held on January 18, 2005, and the parties subsequently filed post-hearing submissions. On February 14, 2006, this Court entered an Order (doc. 10) denying the United States' request for extradition of Sylvester.

The instant Motion (doc. 12) was filed on February 22, 2003. The Motion has been briefed by the parties and is therefore ripe for our review.

**STANDARD OF REVIEW**:

Motions for reconsideration should be granted sparingly as federal courts have a strong interest in the finality of judgments. Burger King Corp. v. New England Hood & Duct Cleaning Co., 2000 U.S. Dist. LEXIS 1022, at *2 (E.D. Pa. 2000). "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not

available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Abu-Jamal v. Horn, 2001 WL 1609761, at *9 (E.D. Pa. 2001).

**DISCUSSION**:

In our Order of February 14, 2006 (doc. 10), we denied the United States' request for extradition of Sylvester to Canada. Our decision was based on two different grounds. First, we found that the Government could not establish that there was probable cause to believe that Sylvester committed the instant offenses because the Pennsylvania statute of limitations was a necessary element of the prima facie case against Sylvester, and the Pennsylvania statute of limitations on the subject offenses had run. Second, we held that the Government's presentation of evidence at the extradition hearing was legally insufficient under Pennsylvania law to establish probable cause that Sylvester committed the subject offenses.

In the instant Motion, the Government does not argue an intervening change in the controlling law or the availability of new evidence previously not available to

the Court. The Government notes that it has not uncovered any Third Circuit cases addressing either the application of the Pennsylvanian statute of limitation or the incorporation of Pennsylvania law concerning the use of hearsay at an extradition hearing. The Government merely reasserts arguments previously made to this Court. Moreover, the Government has not shown in its Motion that the Court made an error of law that resulted in manifest injustice. In fact, the Government concedes that the Third Circuit has little authority dealing with extradition, and therefore does not point to any error of law made by this Court. Accordingly, we see no reason to depart from our ruling denying the Government's extradition request.

In the alternative, the Government requests that this court provisionally grant the Government's request for extradition and temporary surrender of Sylvester, and thereafter Sylvester's objections to extradition be treated as a request for 18 U.S.C. § 2241 habeas corpus relief without the need for Sylvester to file a formal habeas corpus petition. The Government requests that we then grant habeas corpus relief, thereby maintaining our previous ruling, yet putting this casein a procedural posture that allows appellate review.

The Government has offered absolutely no authority to support its alternative request. The Government is aware that our Order denying extradition is not

appealable, yet it requests this Court to maneuver the procedural posture of this case in order to bring the issue before the Third Circuit on appeal.  We reiterate that the Court is fully cognizant of the heinous crimes that Sylvester is alleged to have committed in Canada.  However, as previously noted, there is  no legal reason for us to depart from our initial ruling denying the Government's request for extradition and we will not accept the Government's invitation to provisionally grant its extradition request.  The extradition law does not contain provisions that lessen its protections of an accused's rights based on the increased gravity of the offenses involved.  Our analysis then leaves us in the very same place that our February 14, 2006 Order did, and we accordingly cannot order Sylvester to be extradited to Canada.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The United States' Motion Requesting Reconsideration of the Court's Order Denying Extradition and Temporary Surrender (doc. 12) is DENIED.

S/ John E. Jones III  
John E. Jones III  
United States District Judge